1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26            **Exhibit "A"**
27
28

James Portman Webster,
Law Offices of
1845 S. Dobson Rd., Ste 201

James Portman Webster, SB#025006
James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste. 201
Mesa, AZ 85202
T: (480) 464-4667
F: (888) 214-8293
Jim@JPWLegal.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| KAREN M. BORBOA, | Case No.: 2:11-bk-33540 |
| Debtor-in-Possession. | PLAN OF REORGANIZATION |

## DEBTOR-IN-POSSESSION'S PLAN OF REORGANIZATION

**CREDITORS SHALL BE PROVIDED FOR AND PAID AS STATED IN THIS PLAN. THE PROVISIONS OF A CONFIRMED PLAN BIND THE DEBTOR AND ALL CREDITORS, WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED THE PLAN. CONFIRMATION OF THE PLAN BINDS ALL CLAIMANTS TO TREATMETN OF CLAIMS AS PROVIDED FOR IN THIST PLAN. THE BINDING EFFECT IS REGARDLESS OF ANY PROOF OF CLAIM WHICH MAY BE FILED. 11 U.S.C. §1141(a).**

1. **INTRODUCTION**

   Karen M. Borboa, the Debtors-in-Possession ("Debtors"), proposes this Plan of Reorganization (the "Plan") to resolve the outstanding Creditor Claims outlined below. All Creditors are encouraged to consult the Disclosure Statement before voting to accept or reject this Plan. The Disclosure Statement contains a discussion of the Debtors' personal background, their current financial status, and a summary and analysis of this Plan.

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Exhibit C Plan of Reorganization    Page 1 of 28
Case 2:11-bk-33540-DPC    Doc 86    Filed 02/27/14    Entered 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 2 of 29

## 2. DEFINITIONS

"Administrative Claim" shall mean any Claim under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code.

"Allowed Claim" shall mean: a) a Claim which has been scheduled by the Debtors pursuant to 11 U.S.C. §521(1), other than a Claim scheduled as disputed, contingent or unliquidated; b) a Claim which has been filed pursuant to 11 U.S.C. §501(a) and as to which no objection to the allowance thereof has been interposed within any applicable time limitation fixed by the Bankruptcy Code or by an order of the Bankruptcy Court, or to which an objection has been determined in whole or in party by a Final Order of the Bankruptcy Court; and c) a Claim which has been granted pursuant to a Final Order of the Bankruptcy Court. Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such Claim from and after the Petition Date.

"Allowed Priority Claim" shall mean the portion of an Allowed Claim entitled to priority under §§507(a)(1), (3), (4), (5), (6), (7), (8), (9) or (10) of the Bankruptcy Code.

"Allowed Unsecured Claim" shall mean an Allowed Claim, other than an Administrative Claim, or an Allowed Priority Claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona, Phoenix Division, having jurisdiction over this case or any proceeding arising under, in, or relating to this case.

"Bankruptcy Rule" shall mean the Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 2 of 28

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Case 2:11-bk-33540   Exhibit C Plan of Reorganization   27/14   Page 2 of 28   02/27/14 10:41:33
Desc Exhibit A the Plan   Page 3 of 29

"BAPCPA" shall mean the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), as amended.

"Bar Date" shall mean the date, if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtors.

"Chapter 11" shall mean Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101, et seq.

"Claim" shall mean: a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation; or b) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, where such right arose or accrued prior to Confirmation; or c) a claim arising under 11 U.S.C. §502(g), all as set forth in §101(5) of the Bankruptcy Code.

"Claimant or Creditor" shall mean any person or entity that asserts a Claim.

"Class" shall mean a category of holders of Claims or Interests as described in this Plan.

"Confirmation" shall mean the date on which the Bankruptcy Court enters an Order confirming the Plan.

"Creditor" shall mean a Person that has a Claim against the Debtors that arouse on or before the Petition Date or that has a Claim against the Debtors' estate of any kind specified in §§502(g), 502(h) or 502(i) of the Bankruptcy Code.

"Confirmation Date" means the date on which the Court enters its Order of Confirmation.

"Debtors" shall mean Jane Chang.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 3 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC Exhibit C Plan of Reorganization 27/14 Page 3 of 28 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 4 of 29

"Disbursing Agent" shall mean the Reorganized Debtors. The Disbursing Agent shall make distributions to holders of Allowed Claims under the Plan.

"Disclosure Statement" shall mean the Debtors' Disclosure Statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

"Effective Date" means thirty (30) days after the entry of a Final Order by the Court Confirming the Plan. In terms of releasing Trustee Sale's, the Effective Date means the seven days from the entry of a Final Order by the Court Confirming the Plan.

"Final Order" means an order or judgment which has not been stayed.

"Homestead" – Debtors do not have a Homestead.

"Impaired" means that a debt will not be paid in full. If a secured creditor is impaired, but has a certain amount of security, the lien, UNLESS, stated otherwise, will revert back to the original length of the loan. Additionally, six (6) grace periods will be built into each impaired loan. In order use a grace period, Debtor must provide written notice, by first class mail, to the payment location. The grace period is demonstrated in the Amortization Schedules attached to the Disclosure Statement.

"Interest Rate" means the rate of interest to be paid against what is owed to creditors. All interest rates are compounded quarterly.

"Person" includes an individual, partnership and corporation and is further defined in §101(41) of the Bankruptcy Code.

"Petition Date" means the Petition filing date in this Chapter 11 case: 11/23/2010

"Plan Account" means the FDIC insured money market checking/savings account opened and maintained for the purposed of holding Plan Funds pending distribution to Claimants under the terms of the Plan, Article 5.1.

"Plan Fund" means the funds in the Article 5.1 Plan Account.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 4 of 28

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Exhibit C Plan of Reorganization   Page 4 of 28
Case 2:11-bk-33540-DPC   Doc 178-1   Filed 02/27/14   Entered 02/27/14 10:41:33
Desc Exhibit A the Plan   Page 5 of 29

"Plan or Plan of Reorganization" means this Plan of Reorganization proposed by the Debtors, including any amendment or modification made in accordance with applicable provisions of the Code.

"Pro Rata" means the ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

"Reorganized Debtors" means the Debtors after the Effective Date.

"Secured Claim" means a Claim secured by Debtors' property in an amount equal to the lesser of the Allowed Claim of that Creditor or the value of the property, as determined by the Court pursuant to 11 U.S.C. §506, minus the amount of any Allowed Claim secured by a senior lien against the same property.

"Unsecured Claim" means any Claim other than an Administrative Claim or a Secured Claim.

3. **(Intentionally Omitted)**

4. **CLASSIFICATION OF CLAIMS**

Claims and Interests are placed in the following classes:

### 4.1 Class 1: Creditors Holding Administrative Claims: Unimpaired

Debtor has employed James Portman Webster PLLC ("James Portman Webster") as General Counsel for the Debtor-in-Possession. James Portman Webster received a retainer of $8,000.00 from the personal funds of Debtor. The filing fee was paid out of these funds. To the extent that unencumbered funds are available to pay administrative expenses, counsel shall be paid from the estate. Counsel shall be paid only after fees are approved by the Court after Notice and Hearing. Debtor believes she is current on post-petition taxes. Debtor does not believe that she is indebted to the Office of the United States Trustee for any post-petition quarterly fee obligations. To the extent that such fees are unpaid, they shall be paid no later than the effective

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 5 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 178    Reorganization 02/27/14    Page 5 of 28    Entered 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 6 of 29

date of the Order Confirming Debtor Chapter 11 Plan of Reorganization. James Portman Webster has not filed its first Fee Application but will do so prior to the hearing on the Disclosure Statement. To the extent that the retainer paid by Debtor is not adequate to cover all fees incurred by James Portman Webster, Debtor and James Portman Webster will make suitable arrangements for the payment of any unpaid fees due at the time of Confirmation of the Plan. Any and all fees due for other outside professionals shall be paid in full by Debtor, either upon the effective date of confirmation of the Plan or pursuant to an agreement reached between the Debtor and the Claim holder or upon an Order approving the fees, if unencumbered funds are present. Debtor shall remain current in required filings of monthly operating reports and post-confirmation reports as well as payment of quarterly fees until the case is closed. Payment of allowed Administrative Expenses shall be made from the cash flow of Debtor's business operations and/or the liquidation of Debtor's assets. Debtor shall promptly pay all fees due the Office of the United States Trustee.

### 4.2        Class 2: Creditors Holding Priority Claims: Unimpaired

The Internal Revenue and the Arizona Department of Revenue have not filed Proofs of Claim. Debtor does not believe any outstanding taxes exist. If a tax does exist, Debtor anticipates that any taxing agency will be paid in full within 36 months of the Plan Distribution Date.

### 4.3        Class 3: Priority Non-Tax Claims: Unimpaired

Class 3 consists of the Allowed Claims of Creditors which are entitled to priority under §§507(a) (3) through 507(a) (10) of the Bankruptcy Code, except for those tax claims allowable under §507(a) (8) of the Bankruptcy Code. The Debtor anticipates that no such Claims exist. To the extent a Claim exists, the holders of Allowed Class 3 Claims shall be paid in a similar

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 6 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 78    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 6 of 28
Desc Exhibit A the Plan    Page 7 of 29

1 fashion as Class 2 and in accordance with the terms set forth in Article IX.

**Property: 3728 E. Ahwatukee Drive, Phoenix, AZ 85044**

### 4.4    Class 4: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a first mortgage on the rental property located at 3728 E. Ahwatukee Drive, Phoenix, AZ 85044 with an account ending in 7018. The fair market value of the property is $401,000.00. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $1,999.95. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

### 4.5    Class 5: Secured Claim of Bank of America: Fully Impaired

Bank of America ("B of A") holds a second mortgage on the rental property located at 3728 E. Ahwatukee Drive, Phoenix, AZ 85044 with an account ending in 9664. The fair market value of the property is $400,000.00. Class 4 exceeds the FMV of the property. Thus, B of A is fully unsecured and will be treated as a General Unsecured Claim under Class 15 of the Plan.

Debtor is seeking a stipulation of the unsecured status of the mortgage. If this is not possible, Debtor will file an Adversary Proceeding under 11 U.S.C. § 506 to determine if B of A lien is to be voided as lacking security. Debtor will treat the B of A claim as a General Unsecured Creditor under Class 15 of the Plan.

**Property: 4515 E. Briarwood Terrace, Phoenix, AZ 85048**

### 4.6    Class 6: Secured Claim of Bank of America: Unimpaired

Bank of America ("B of A") holds a first mortgage son the rental property located at 4515 E. Briarwood Terrace, Phoenix, AZ 85048 with an account ending in 6760. The fair market value of

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540

Plan | Page 7 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 178-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 7 of 28
Desc Exhibit A the Plan    Page 8 of 29

the property is $135,000. The claim of B of A is fully secured because at the time of filing the debt was $36,291.

### 4.7    Class 7: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a second mortgage on the rental property located at 4515 E. Briarwood Terrace, Phoenix, AZ 85048 with an account ending in 2899. The fair market value of the property is $135,000. Class 6 does not exceed the FMV of the property. Thus, B of A is partially secured and balance will be treated as a General Unsecured Claim under Class 15 of the Plan. The lien will be the difference between the balances of Class 6 and subtracted from the fair market value of the property.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $492.50. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

---

### Property: 4507 E. Briarwood Terrace, Phoenix, AZ 85048

### 4.8    Class 8: Secured Claim of Bank of America: Impaired

Bank of America assigned its interest in this Estate to Nationstar who now holds the first mortgage on the rental property located at 4507 E. Briarwood Terrace, Phoenix, AZ 85048 with an account ending in 5751. The fair market value of the property is $135,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $673.50. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 8 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540 Exhibit C Plan of Reorganization 07/14 Page 8 of 28 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 9 of 29

### 4.9    Class 9: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a first mortgage on the rental property located at 171 W. Tulsa Street, Chandler, AZ 85225 with an account ending in 8440. The fair market value of the property is $40,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $199.50.

The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

### 4.10    Class 10: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a second mortgage on the rental property located at 171 W. Tulsa Street, Chandler, AZ 85225 with an account ending in 3399. The fair market value of the property is $40,000. Class 9 exceeds the FMV of the property. Thus, B of A is fully unsecured and will be treated as a General Unsecured Claim under Class 15 of the Plan.

Debtor is seeking a stipulation of the unsecured status of the mortgage. If this is not possible, Debtor will file an Adversary Proceeding under 11 U.S.C. § 506 to determine if B of A lien is to be voided as lacking security. Debtor will treat the B of A claim as a General Unsecured Creditor under Class 15 of the Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 9 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540 Exhibit C Plan of Reorganization 02/27/14 Page 9 of 28 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 10 of 29

1

2 **Property: 2631 N. 86th Drive, Phoenix, AZ 85037**

3

4     **4.11**      **Class 11: Secured Claim of Bank of America: Impaired**

5         Bank of America ("B of A") holds a first mortgage on the rental property located at 2631

6 N. 86th Drive, Phoenix, AZ 85037 with an account ending in 0851. The fair market value of the

7 property is $60,000. The claim of B of A is bifurcated into a secured claim for fair market value

8 ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured

9 Claim under Class 15 of the Plan.

10         The secured claim shall be paid as follows: The promissory note will be amortized over a

11 thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a

12 payment of $299.25. The amortization schedule and payment structure is attached as Exhibit A.

13 The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the

14 Plan.

15 **Property: 1936 E. Warner Road, Phoenix, AZ 85040**

16

17     **4.12**      **Class 12: Secured Claim of Bank of America: Impaired**

18         Bank of America ("B of A") holds a first mortgage on the rental property located at 1936

19 E. Warner Road, Phoenix, AZ 85040 with an account ending in 4199. The fair market value of

20 the property is $60,000. The claim of B of A is bifurcated into a secured claim for fair market

21 value ("FMV") and an unsecured claim for the balance that will be treated as a General

22 Unsecured Claim under Class 15 of the Plan.

23         The secured claim shall be paid as follows: The promissory note will be amortized over a

24 thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a

25 payment of $295.25. The amortization schedule and payment structure is attached as Exhibit A.

26 The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the

27 Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC Plan of Reorganization 7/Page 10 of 28 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 11 of 29

**Property: 23 E. 2nd Ave, Mesa, AZ 85210**

4.13    Class 13: Secured Claim of Wells Fargo Home Mortgage: Impaired

Wells Fargo Home Mortgage ("Wells") holds a first mortgage on the rental property located at 23 E. 2nd Ave, AZ 85210 with an account ending in 5741. The fair market value of the property is $35,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $174.65. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

**Property: 1818 E. Harvard Drive, Tempe, AZ 85283**

4.14    Class 14: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a first mortgage on the rental property located at 1818 E. Harvard Dr., Tempe, AZ 85283 with an account ending in 9597. The fair market value of the property is $170,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $847.86. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 11 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 178-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 11 of 28
Desc Exhibit A the Plan    Page 12 of 29

**4.15**      <u>Class 15: General Unsecured Creditors:</u>

Payments to the General Unsecured Creditors (all others to whom Debtor owes money, including tax penalties and the unsecured portions of the claims in Classes 3 – 15) shall commence after payment of Administrative Claims, Priority Claims, and any arrears due to secured creditors as so described in Classes 3 – 15. General Unsecured Creditors shall be paid pro rata, without interest a total of $10,000.00. Payment shall be made without interest on claims. Debtor believes General Unsecured Claims shall be paid their pro rata share within sixty (60) months of the Plan Distribution Date.

**5.**      **TREATMENT OF ALLOWED CLAIMS**

**SUMMARY:** Classes 1, 2, 3 and 6 are unimpaired. Classes 4, 5, 7 - 16 are, or may be, impaired. All Classes will receive the distributions stated in this article on account of and in complete satisfaction of all such Allowed Claims (including any interest or charges accrued thereon as expressly provided for herein). With the exception of Class 1 Claims, distributions will commence on the first (1st) day of the second (2nd) month following the Effective Date (the "Initial Distribution") and Claims will be paid in accordance with the terms set forth in Article IX below. Without limiting the foregoing, and effective upon the Effective Date, each Creditor and interest holder (or the successor of such) shall be deemed to have assigned to the Debtors and all such parties shall be deemed to have waived, relinquished, and released and all of their rights and Claims against the Debtors other than as provided for in this Plan or the Court's Order confirming this Plan.

The Classes will be treated as follows:

**5.1**      <u>Class 1- Administrative Claims: Unimpaired</u>

Class 1 consists of all allowed Administrative Claims for actual and necessary costs and expenses of administration entitled to priority under §§503(b) and 507(a)(2) of the Bankruptcy

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 12 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 98-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 12 of 28
Desc Exhibit A the Plan    Page 13 of 29

Code. This Class includes, without limitation, post-petition tax claims, Debtors' attorneys' fees, approved accounting fees and fees due to the United States Trustee, if any. The first payment will be due on the Effective Date, or as agreed by the Parties. The Debtors estimate that Class 1 Claims will be $5,000.00.

### 5.1.1    The Law Office of James Portman Webster, PLLC: Unimpaired

The Law Office of James Portman Webster, PLLC is the Debtors' current bankruptcy counsel. The Law Office of James Portman Webster, PLLC received a pre-petition retainer in the amount of $5,000.00. Payments were received as follows: a one time payment of $5,000.00. The Debtors anticipates that The Law Office of James Portman Webster, PLLC will hold an Administrative Claim of approximately $7,500.00 to be paid through the Plan.

### 5.1.2    United States Trustee: Unimpaired

The amounts due to the United States Trustee for quarterly fees are established under Federal law. The Debtors anticipates that on the Effective Date, the only amount due to the United States Trustee will be for the then-current quarterly fees.

### 5.2    Class 2: Creditors Holding Priority Claims: Impaired

The Internal Revenue and the Arizona Department of Revenue have not filed Proofs of Claim. Debtor does not believe any outstanding taxes exist. If a tax does exist, Debtor anticipates that any taxing agency will be paid in full within 36 months of the Plan Distribution Date.

### 5.3    Class 3- Priority Non-Tax Claims Unimpaired

Class 3 consists of the Allowed Claims of Creditors which are entitled to priority under §§507(a)(3) through 507(a)(10) of the Bankruptcy Code, except for those tax Claims allowable under §507(a)(8) of the Bankruptcy Code. The Debtors anticipate that no such Claims exist. To the extent a Claim exists, the holders of Allowed Class 3 Claims shall be paid in a similar fashion as Class 2 and in accordance with the terms set forth in Article IX of the Disclosure

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 13 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 98-1    Exhibit C Plan of Reorganization    Filed 02/27/14    Page 13 of 28    Entered 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 14 of 29

1  Statement.

2  **5.1 Class 1: Creditors Holding Administrative Claims: Unimpaired**

3     Debtor has employed James Portman Webster PLLC ("James Portman Webster") as

4  General Counsel for the Debtor-in-Possession. James Portman Webster received a retainer of

5  $8,000.00 from the personal funds of Debtor. The filing fee was paid out of these funds. To the

6  extent that unencumbered funds are available to pay administrative expenses, counsel shall be

7  paid from the estate. Counsel shall be paid only after fees are approved by the Court after Notice

8  and Hearing. Debtor believes she is current on post-petition taxes. Debtor does not believe that

9  she is indebted to the Office of the United States Trustee for any post-petition quarterly fee

10  obligations. To the extent that such fees are unpaid, they shall be paid no later than the effective

11  date of the Order Confirming Debtor Chapter 11 Plan of Reorganization. James Portman

12  Webster has not filed its first Fee Application but will do so prior to the hearing on the

13  Disclosure Statement. To the extent that the retainer paid by Debtor is not adequate to cover all

14  fees incurred by James Portman Webster, Debtor and James Portman Webster will make suitable

15  arrangements for the payment of any unpaid fees due at the time of Confirmation of the Plan.

16  Any and all fees due for other outside professionals shall be paid in full by Debtor, either upon

17  the effective date of confirmation of the Plan or pursuant to an agreement reached between the

18  Debtor and the Claim holder or upon an Order approving the fees, if unencumbered funds are

19  present. Debtor shall remain current in required filings of monthly operating reports and post-

20  confirmation reports as well as payment of quarterly fees until the case is closed. Payment of

21  allowed Administrative Expenses shall be made from the cash flow of Debtor's business

22  operations and/or the liquidation of Debtor's assets. Debtor shall promptly pay all fees due the

23  Office of the United States Trustee.

24

25

26  **5.2 Class 2: Creditors Holding Priority Claims: Unimpaired**

27     The Internal Revenue and the Arizona Department of Revenue have not filed Proofs of

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 14 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 91-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 14 of 28
Desc Exhibit A the Plan    Page 15 of 29

Claim. Debtor does not believe any outstanding taxes exist. If a tax does exist, Debtor anticipates that any taxing agency will be paid in full within 36 months of the Plan Distribution Date.

### 5.3 Class 3: Priority Non-Tax Claims: Unimpaired

Class 3 consists of the Allowed Claims of Creditors which are entitled to priority under §§507(a) (3) through 507(a) (10) of the Bankruptcy Code, except for those tax claims allowable under §507(a) (8) of the Bankruptcy Code. The Debtor anticipates that no such Claims exist. To the extent a Claim exists, the holders of Allowed Class 3 Claims shall be paid in a similar fashion as Class 2 and in accordance with the terms set forth in Article IX.

### Property: 3728 E. Ahwatukee Drive, Phoenix, AZ 85044

### 5.4 Class 4: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a first mortgage on the rental property located at 3728 E. Ahwatukee Drive, Phoenix, AZ 85044 with an account ending in 7018. The fair market value of the property is $401,000.00. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $1,999.95. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

### 5.5 Class 5: Secured Claim of Bank of America: Fully Impaired

Bank of America ("B of A") holds a second mortgage on the rental property located at 3728 E. Ahwatukee Drive, Phoenix, AZ 85044 with an account ending in 9664. The fair market value

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 15 of 28

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Case 2:11-bk-33540-DPC   Doc 178-1   Exhibit C Plan of Reorganization Filed 02/27/14   Page 15 of 28   Entered 02/27/14 10:41:33
Desc Exhibit A the Plan   Page 16 of 29

1  of the property is $400,000.00. Class 4 exceeds the FMV of the property. Thus, B of A is fully
2  unsecured and will be treated as a General Unsecured Claim under Class 15 of the Plan.

3      Debtor is seeking a stipulation of the unsecured status of the mortgage. If this is not possible,
4  Debtor will file an Adversary Proceeding under 11 U.S.C. § 506 to determine if B of A lien is to
5  be voided as lacking security. Debtor will treat the B of A claim as a General Unsecured
6  Creditor under Class 15 of the Plan.

7
8                  **Property: 4515 E. Briarwood Terrace, Phoenix, AZ 85048**
9

10     **5.6     Class 6: Secured Claim of Bank of America: Unimpaired**
11     Bank of America ("B of A") holds a first mortgage son the rental property located at 4515 E.
12  Briarwood Terrace, Phoenix, AZ 85048 with an account ending in 6760. The fair market value of
13  the property is $135,000. The claim of B of A is fully secured because at the time of filing the
14  debt was $36,291.

15
16     **5.7     Class 7: Secured Claim of Bank of America: Impaired**
17     Bank of America ("B of A") holds a second mortgage on the rental property located at
18  4515 E. Briarwood Terrace, Phoenix, AZ 85048 with an account ending in 2899. The fair market
19  value of the property is $135,000. Class 6 does not exceed the FMV of the property. Thus, B of
20  A is partially secured and balance will be treated as a General Unsecured Claim under Class 15
21  of the Plan. The lien will be the difference between the balances of Class 6 and subtracted from
22  the fair market value of the property.

23     The secured claim shall be paid as follows: The promissory note will be amortized over a thirty
24  (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of
25  $492.50. The amortization schedule and payment structure is attached as Exhibit A. The remaining
26  balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

27

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC   Doc 178-1   Filed 02/27/14   Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 16 of 28
Desc Exhibit A the Plan    Page 17 of 29

1

## Property: 4507 E. Briarwood Terrace, Phoenix, AZ 85048

2

3      **5.8      Class 8: Secured Claim of Bank of America: Impaired**

4      Bank of America assigned its interest in this Estate to Nationstar who now holds the first

5 mortgage on the rental property located at 4507 E. Briarwood Terrace, Phoenix, AZ 85048 with

6 an account ending in 5751. The fair market value of the property is $135,000. The claim of B of

7 A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for

8 the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

9

10      The secured claim shall be paid as follows: The promissory note will be amortized over a thirty

11 (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of

12 $673.50. The amortization schedule and payment structure is attached as Exhibit A. The remaining

13 balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

14

15                  **Property: 171 W. Tulsa Street, Chandler, AZ 85225**

16

17      **5.9      Class 9: Secured Claim of Bank of America: Impaired**

18      Bank of America ("B of A") holds a first mortgage on the rental property located at 171

19 W. Tulsa Street, Chandler, AZ 85225 with an account ending in 8440. The fair market value of the

20 property is $40,000. The claim of B of A is bifurcated into a secured claim for fair market value

21 ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured

22 Claim under Class 15 of the Plan.

23

24      The secured claim shall be paid as follows: The promissory note will be amortized over a

25 thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a

26 payment of $199.50.

27      The amortization schedule and payment structure is attached as Exhibit A. The remaining

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 17 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 128-1    Filed 02/27/14    Page 17 of 28    02/27/14 10:41:33
Desc Exhibit A the Plan    Page 18 of 29

balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

### 5.10    Class 10: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a second mortgage on the rental property located at 171 W. Tulsa Street, Chandler, AZ 85225 with an account ending in 3399. The fair market value of the property is $40,000. Class 9 exceeds the FMV of the property. Thus, B of A is fully unsecured and will be treated as a General Unsecured Claim under Class 15 of the Plan.

Debtor is seeking a stipulation of the unsecured status of the mortgage. If this is not possible, Debtor will file an Adversary Proceeding under 11 U.S.C. § 506 to determine if B of A lien is to be voided as lacking security. Debtor will treat the B of A claim as a General Unsecured Creditor under Class 15 of the Plan.

---

**Property: 2631 N. 86th Drive, Phoenix, AZ 85037**

---

### 5.11    Class 11: Secured Claim of Bank of America: Impaired

Bank of America ("B of A") holds a first mortgage on the rental property located at 2631 N. 86th Drive, Phoenix, AZ 85037 with an account ending in 0851. The fair market value of the property is $60,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $299.25. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

---

**Property: 1936 E. Warner Road, Phoenix, AZ 85040**

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Exhibit C Plan of Reorganization   Page 18 of 28
Case 2:11-bk-33540-DPC   Doc 178-1   Filed 02/27/14   Entered 02/27/14 10:41:33
Desc Exhibit A the Plan   Page 19 of 29

1    **5.12    Class 12: Secured Claim of Bank of America: Impaired**

2        Bank of America ("B of A") holds a first mortgage on the rental property located at 1936

3    E. Warner Road, Phoenix, AZ 85040 with an account ending in 4199. The fair market value of

4    the property is $60,000. The claim of B of A is bifurcated into a secured claim for fair market

5    value ("FMV") and an unsecured claim for the balance that will be treated as a General

6    Unsecured Claim under Class 15 of the Plan.

7

8        The secured claim shall be paid as follows: The promissory note will be amortized over a

9    thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a

10   payment of $295.25. The amortization schedule and payment structure is attached as Exhibit A.

11   The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the

12   Plan.

13

14                    **Property: 23 E. 2nd Ave, Mesa, AZ 85210**

15

16       **5.13    Class 13: Secured Claim of Wells Fargo Home Mortgage: Impaired**

17   Wells Fargo Home Mortgage ("Wells") holds a first mortgage on the rental property located

18   at 23 E. 2nd Ave, AZ 85210 with an account ending in 5741. The fair market value of the

19   property is $35,000. The claim of B of A is bifurcated into a secured claim for fair market value

20   ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured

21   Claim under Class 15 of the Plan.

22

23       The secured claim shall be paid as follows: The promissory note will be amortized over a

24   thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a

25   payment of $174.65. The amortization schedule and payment structure is attached as Exhibit A.

26   The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the

27   Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 98-1    Filed 02/27/14    Page 19 of 28    02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 19 of 28
Desc Exhibit A the Plan    Page 20 of 29

**Property: 1818 E. Harvard Drive, Tempe, AZ 85283**

    5.14    <u>Class 14: Secured Claim of Bank of America: Impaired</u>

Bank of America ("B of A") holds a first mortgage on the rental property located at 1818 E. Harvard Dr., Tempe, AZ 85283 with an account ending in 9597. The fair market value of the property is $170,000. The claim of B of A is bifurcated into a secured claim for fair market value ("FMV") and an unsecured claim for the balance that will be treated as a General Unsecured Claim under Class 15 of the Plan.

The secured claim shall be paid as follows: The promissory note will be amortized over a thirty (30) year period at four and three-fourths percent (4.75%) for the term of the loan with a payment of $847.86. The amortization schedule and payment structure is attached as Exhibit A. The remaining balance due shall be treated as a General Unsecured Claim under Class 15 of the Plan.

    5.15    <u>Class 15: General Unsecured Creditors:</u>

Payments to the General Unsecured Creditors (all others to whom Debtor owes money, including tax penalties and the unsecured portions of the claims in Classes 3 – 15) shall commence after payment of Administrative Claims, Priority Claims, and any arrears due to secured creditors as so described in Classes 3 – 15. General Unsecured Creditors shall be paid pro rata, without interest a total of $10,000.00. Payment shall be made without interest on claims. Debtor believes General Unsecured Claims shall be paid their pro rata share within sixty (60) months of the Plan Distribution Date.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Case 2:11-bk-33540-DPC Doc 109 Filed 02/27/14 Page 21 of 29 Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization
Desc Exhibit A the Plan   Page 21 of 29

## 6  IMPLEMENTATION OF THE PLAN

### 6.1 Plan Fund

The Debtors propose a sixty (60) month plan. The Plan will be funded with the Debtors contributing $166.60 each month into the Plan Fund, as such funds are available. This amount will be generated from the Debtors' current monthly disposable income, the Debtors' post-petition earnings and excess cash flow from employment, a reduction in expenses arising from the avoided unsecured liens against properties.

The Debtors shall act as the Disbursing Agent under the Plan. The Debtors estimate that Class 1 Claims will be approximately $7,500.00. The Debtors estimate that the Class 2 Claim will be approximately $0.00. The Debtors propose to pay all unsecured and deficiency amounts, as General Unsecured Creditors. The for distribution to General Unsecured Creditors will be done on a monthly basis for the sixty (60) month Plan, or sooner if such funds are available, in satisfaction of 11 U.S.C. §1129(a) (7).

Payments will be distributed at the Initial Distribution followed by annual installments on the anniversary date, to the extent such funds are available, and pursuant to the terms of the Disclosure Statement and this Debtors' proposed Plan of Reorganization (Exhibit C of the Disclosure Statement).

In the event any entity which possesses an Allowed Secured Claim, or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to implement or incorporate the terms of the Plan, and such entity fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of his Plan and the Confirmation Order with the appropriate governmental agency, and such recordation shall constitute the lien release and creation of the necessary new liens to

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 21 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC Plan of Reorganization 27/Page 21 of 28 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 22 of 29

satisfy the terms of the Plan. If the Debtors deem advisable, he may obtain a further Order from the Court which may be recorded in order to implement the terms of the Plan.

### 6.2 Disbursing Agent.

The [Reorganized] Debtor shall act as the Disbursing Agent under this Plan. All payments on Allowed Secured Claims arising from the sale of real property of the Debtors shall be made directly by the escrow officer designated by the parties to the transaction or by another duly qualified escrow agent. All payments on all other Allowed Claims from the Plan Fund shall be made by the Disbursing Agent appointed hereunder.

### 6.3 De Minimus Distributions and Returned Payments.

No distributions of cash shall be made under the Plan in the amount less than $10. All cash not distributed pursuant to this provision shall vest in the Debtors free of any Claim.

All distributions under the Plan which are returned by the Post Office undelivered or which cannot be delivered due to the lack of a current address will be retained by the Debtors in trust for the distributee. After six months, the unclaimed distributions will vest in the Debtors, free of any Claim.

## 7   EFFECT OF CONFIRMATION

7.1     Except as otherwise provided in the Plan or in the Court's Order confirming the Plan (the "Confirmation Order"), the Confirmation Order will not act as a discharge, effective as of the Effective Date, of any and all debts of the Debtors that arose at any time before the entry of the Confirmation Order, including, but not limited to, all principal and any and all interest accrued thereon, pursuant to 11 U.S.C. §1141(d)(1), until the Court grants a discharge on completion of all payments under the Plan 11 U.S.C. §1141(d)(5). The discharge of the Debtors shall be effective as to each Claim, regardless of whether a Proof of Claim thereof was filed. Whether the Claim is an Allowed Claim or whether the holder thereof votes to accept the Plan.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 22 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC   Doc 107  Exhibit C Plan of Reorganization 02/27/14 Page 23 of 28  Filed 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 23 of 29

**7.2    20 DAY NOTICE:** Upon confirmation of this Plan, the signed Order constitutes Notice under ARS 33-420 and any recorded documents within the scope of the statute, must be removed from title. This Notice includes any pending Trustee Sales against Estate assets. Non-compliance will be deemed willful.

**7.3    NOTICE OF CONFIRMATION OF CHAPTER 11 PLAN AND MODIFICATION OF DEED OF TRUST:** Upon confirmation of the Plan, Debtor will record a Notice of Confirmation of Chapter 11 Plan and Modification of Deed of Trust against each real property that is affected by the Plan. An example of a Notice is attached to the Disclosure Statement as Exhibit G.

## 8    REVESTING

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Debtors shall be vested with all of the property of the State free and clear of all Claims, liens, charges and other interests of Creditors arising prior to the Petition Date.

## 9    DEFAULT

If the Debtors are unable to perform the terms and conditions of this Plan, then they will be in default. Any Creditor may seek to enforce the Plan. Before doing so, however, a Creditor must first provide notice to the Debtors specifying the nature of the alleged default and providing the Debtors a 30-day period to cure such default. Any such notice shall be in writing and sent to the Debtors via certified mail to the address on file with the Clerk of the Bankruptcy Court and with a copy by certified mail to:

Karen M. Borboa C/O James Portman Webster, Esq
1845 S. Dobson Rd. Ste 201
Mesa, AZ 85202

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 23 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 96-1 Plan of Reorganization 2/27/14 Page 24 of 28 Entered 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 24 of 29

# 10 ALLOWANCE AND ESTIMATION OF CLAIMS

### 10.1 Categorization of Claims.

A Claim shall be an Allowed Claim, a Reserved-For Claim, or a Disallowed Claim, based on the following provisions:

### 10.2 Allowed Claims.

A Claim shall be an Allowed Claim only if, and to the extent, the Claim has been Timely Submitted and Allowable in accordance with the following:

*10.1.1.1. Timely Submission.* A Claim shall be considered Timely Submitted if at least one of the following applies to such Claim:

*10.1.1.2. Listed.* The Claim is listed on the Schedules, is not listed as contingent, unliquidated or disputed, and is not included within a Proof of Claim.

*10.1.1.3. Proof of Claim.* The Claim is reflected in a Proof of Claim filed by the Bar Date applicable to Claims; or

*10.1.1.4. Otherwise Timely Submitted.* The Claim has been determined, by Final Order of the Bankruptcy Court, to be otherwise timely submitted; to be the subject of a timely "Informal Proof of Claim;" or to be deemed timely submitted without a Proof of Claim.

### 10.3. Allowable Claims.

A Claim shall be considered Allowable if at least one of the following applies to such Claim:

*10.3.1. No Objection.* The Claim is Timely Submitted and is not the subject of a Timely Objection; or

*10.3.2. Sustained Claim.* The Claim has been allowed, after consideration of all Timely Objections, by Final Order of the Bankruptcy Court.

### 10.4. Disallowed Claims.

A Claim shall be a Disallowed Claim if the Claim was not Timely Submitted, or has been

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 24 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 178-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 24 of 28
Desc Exhibit A the Plan    Page 25 of 29

disallowed by Final Order of the Bankruptcy Court.

**10.5. Reserved-For Claims.**

A claim shall be a Reserved-For Claim if the Claim is not an Allowed Claim or a Disallowed Claim. Each Reserved-For Claim shall be considered, for purposes of establishing reserves therefor, to be in an amount equal to (i) the amount listed on the Schedules, if no Proof of Claim has been filed, or (ii) the amount listed on the Proof of Claim.

**10.6. Aggregation of Multiple Claims.**

Multiple Proofs of Claim within the same Class filed by one claimant, to the extent not duplicative, shall be aggregated and shall constitute a single Allowed Claim.

**10.7. Objections and Bar Date for Filing Objections.**

Except as provided above, an objection to a Claim shall be a Timely Objection if filed with the Bankruptcy Court, and served upon the holder of such Claim pursuant to the Bankruptcy Code and Bankruptcy Rules, no later than thirty (30) days after the Effective Date. The primary responsibility for objecting to Claims shall be with the Disbursing Agent.

**10.8 Settlement of Claims.**

Settlement of any objection to a Claim shall be permitted on the twenty-first (21st) day after notice of the settlement has been provided to the Disbursing Agent, the settling party, and other persons specifically requesting such notice, and if, on such date, there is no written objection filed, such settlement shall be deemed approved. In the event a written objection to the settlement is timely filed, the settlement must be approved by the Bankruptcy Court on notice to the objecting party at a regularly scheduled hearing conducted pursuant to the Bankruptcy Rules.

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 178-1    Filed 02/27/14    Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization    Page 25 of 28
Desc Exhibit A the Plan    Page 26 of 29

**10.9 Distributions on Account of Disputed Claims.**

No Distributions shall be made on account of a Disallowed Claim or a Reserved-For Claim.

**10.10. Effect on Distributions of Reserved-For Claims.**

If this Plan provides for a distribution pro rata to holders of Claims in a particular Class, when Reserved-For Claims remain in such Class, the Disbursing Agent shall calculate the amount distributable to each holder of a Claim on a pro-rata basis considering Reserved-For Claims as Allowed Claims. Notwithstanding such calculation, the Disbursing Agent shall retain the funds pro-rated on account of Reserved for Claims until such Claim becomes Allowed or Disallowed. Any funds held by the Disbursing Agent in accordance with this section shall be disbursed by the Disbursing Agent upon the entry of a Final Order resolving such Claim, and, if the Reserved-For Claim, the Disbursing Agent shall recalculate the amount distributable to the holders of the Allowed Claims.

**10.11. Penalties and Fines**

Except as specifically provided by Final Order of the Bankruptcy Court, no distribution shall be made on account of, any fine, penalty, exemplary or punitive damages, late charges or other monetary charge relating to or arising from any default or breach by the Debtors, and any Claim on account thereof shall be treated hereunder as such and disallowed to the extent of such fine, penalty, exemplary or punitive damages, late charges or other default-related charge, whether or not an objection is filed to it.

**11  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executor contracts and unexpired leases of the Debtors are rejected pursuant to the provisions of §§365 and 1123 of the Bankruptcy Code, and any other contract or unexpired lease assumed pursuant to Bankruptcy Court approval. This Plan provision does not alter in any way orders of

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 26 of 28

Case 2:11-bk-33540-DPC   Doc 80-3   Filed 04/07/13   Entered 04/07/13 23:36:39   Desc
Case 2:11-bk-33540-DPC   Doc 178-1   Filed 02/27/14   Entered 02/27/14 10:41:33
Exhibit C Plan of Reorganization   Page 26 of 28
Desc Exhibit A the Plan   Page 27 of 29

the Bankruptcy Court approving the assumption of executor contracts and leases. All such orders are reaffirmed without modification and incorporated fully in the Plan so that the Plan is in compliance with those orders.

## 12 MODIFICATION OF THE PLAN

In addition to their modification rights under §1127 of the Bankruptcy Code, the Debtors may amend or modify this Plan at any time prior to Confirmation without leave of the Court. The Debtors may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtors may, with approval of the Court, as long as it does not materially or adversely affect the interest of Creditors, remedy any defect or omission or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of this Plan.

/ / /

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 27 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC    Doc 98    Filed 02/27/14    Page 27 of 28    Entered 02/27/14 10:41:33
Desc Exhibit A the Plan    Page 28 of 29

## 13  RETENTION OF JURISDICTION

Notwithstanding Confirmation of this Plan, the Bankruptcy Court shall retain its jurisdiction of this bankruptcy to the full extent allowed by law, including for the following purposes:

13.1    Determination of Claims and interests upon objection to such Claims by the Debtors or by any other party in interest.

13.2    Determination of requests for payment of Claims entitled to priority under §507(a)(2) of the Bankruptcy Code, including compensation of parties entitled thereto.

13.3    Resolution of controversies and disputes regarding the interpretation or enforcement of the terms of the Plan.

13.4    Implementation of the provisions of the Plan and entry of orders in aid of this Confirmation of the Plan, including, without limitation, appropriate orders to protect the Debtors.

13.5    Entry of a Final Decree closing the case.

DATED this April 7, 2013.

By: JPW SB#025006
    Jim Webster, ASB 025006
    Attorney for Debtors

James Portman Webster, P.L.L.C.
1845 S. Dobson Rd., Ste 201
Mesa, Arizona 85202
(480) 464-4667

Karen M. Borboa: 11-33540
Plan | Page 28 of 28

Case 2:11-bk-33540-DPC    Doc 80-3    Filed 04/07/13    Entered 04/07/13 23:36:39    Desc
Case 2:11-bk-33540-DPC  Plan of Reorganization 27/Page 28 of 28  02/27/14 10:41:33
Desc Exhibit A the Plan    Page 29 of 29